IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| EDUARDO MOCTEZUMA-SALINAS,<br><br>         Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>         Defendant. | ORDER<br><br><br><br>Case No. 2:06-CV-424 TC |

On May 26, 2006, federal prisoner Eduardo Moctezuma-Salinas filed a *pro se* Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255.  He seeks a court order reducing his sentence to twenty-four months.  In the alternative, Mr. Moctezuma-Salinas requests that the court excise the waiver of appellate review contained in his plea agreement and that the judgment against him be vacated and reentered to allow him to pursue a direct appeal.  Along with his § 2255 Motion, Mr. Marizcales-Delgadillo filed a Motion for Discovery and Motion for Appointment of Counsel.

The court concludes that Mr. Moctezuma-Salinas's § 2255 lacks merit.  Mr. Moctezuma-Salinas's § 2255 motion must be denied because he waived his right to collaterally attack his sentence under § 2255.  Specifically, in his Statement in Advance of Plea of Guilty, he agreed to the following:

> I . . . knowingly, voluntarily and expressly waive my right to challenge my sentence, and the manner in which the sentence is determined, in any collateral review motion, writ or other procedure, including but not limited to a motion brought under Title 28, United States Code, Section 2255.

(Statement by Def. in Advance of Plea of Guilty (Dkt # 71) ¶10.)  His waiver is valid because all

the evidence indicates that it was entered voluntarily, knowingly, and intelligently.  Mr. Moctezuma-Salinas is not attacking the validity of his plea agreement.  Rather, he is claiming that he received ineffective assistance of counsel because his counsel failed to negotiate a better plea agreement.  "[A] plea agreement waiver of postconviction rights does not waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims <u>challenging the validity of the plea or the waiver</u>."  <u>United States v. Cockerham</u>, 237 F.3d 1179, 1187 (10th Cir. 2001) (emphasis added).  Mr. Moctezuma-Salinas's general dissatisfaction with the plea agreement cannot be viewed as a challenge to that agreement's validity.  The record indicates that he was aware of the agreement's terms and he voluntarily and knowingly assented to those terms.  In such circumstances, the waiver of the right to pursue a collateral attack is valid.  <u>See</u> <u>United States v. Clingman</u>, 288 F.3d 1183, 1186 (10th Cir. 2002) (holding that right to § 2255 collateral attack only survives waiver if petitioner claims ineffective assistance of counsel caused petitioner to involuntarily enter into a plea agreement); <u>see also</u> <u>United States v. Jefferson</u>, 156 Fed. Appx. 63, 65 (10th Cir. 2005) ("Jefferson argus that counsel's ineffective assistance rendered his plea unknowing and involuntary and, consequently, the waiver is not enforceable.  We agree with the district court, however, that the waiver is enforceable because the record belies Jefferson's assertion that his counsel 'duped' him into pleading guilty.")

**ORDER**

For the foregoing reasons, Mr. Moctezuma-Salinas's § 2255 Motion is DENIED. The remaining requests pending before the court are DENIED AS MOOT.

DATED this 1st day of June, 2006.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
United States District Judge